UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOMINGO RAMIREZ RODRIGUEZ,<br><br>Defendant. | Case No. CR19-249RSL<br><br>ORDER DENYING<br>MOTIONS FOR SENTENCE<br>REDUCTION |

This matter comes before the Court on defendant's *pro se* motions to reduce his sentence (Dkts. # 50, 55). Having considered the motions, the Government's responses (Dkts. # 54, 56), defendant's reply (Dkt. # 57), and the record contained herein, the Court DENIES the motions and finds as follows:

**I.    Background**

On June 10, 2021, defendant pleaded guilty to (1) possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2. Dkt. # 33. On March 24, 2022, this Court sentenced defendant to a term of 84 months to be followed by three years of supervised release. Dkt. # 47. This sentence

ORDER DENYING MOTIONS FOR
SENTENCE REDUCTION - 1

represented a downward variation from the Guidelines range, which probation calculated at 108–135 months and the Government calculated at 168–195 months. PSR at 1; Dkt. # 44 at 4; Dkt. # 54 at 2. Defendant's 84-month sentence is comprised of a 24-month term for the heroin possession offense that runs consecutive with a 60-month term for the gun possession offense. Dkt. # 47.

The Federal Defender's office reviewed defendant's *pro se* motion to reduce his sentence and did not seek appointment. Dkt. # 54 at 1, 9.

## II. Discussion

### A. Defendant's Motion to Reduce His Sentence Under 18 U.S.C. § 3582(c)(2)

Defendant asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. # 50. However, "[a] federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Here, defendant seeks modification of his prison term under a Congressionally enacted exception to that rule:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In November 2023, an amendment to the United States Sentencing Guidelines took effect that provides a two-offense-level reduction for certain defendants who have zero criminal

ORDER DENYING MOTIONS FOR
SENTENCE REDUCTION - 2

history points. U.S.S.G. § 4C1.1. Defendant claims the two-offense-level reduction should apply to him retroactively under 18 U.S.C. § 3582(c)(2). Dkt. # 50. However, the two-offense-level reduction is only available to defendants who meet specific criteria, including the following: "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7). Here, while defendant had zero criminal history points when he was sentenced, he also signed a plea agreement that states he possessed a firearm in furtherance of a drug trafficking crime. Dkt. # 33 at ¶ 1, 2, 4, 9. Therefore, defendant is not eligible for the two-offense-level reduction. U.S.S.G. § 4C1.1(a)(7).

The November 2023 amendment to the U.S.S.G. also reduced the number of "status" points certain defendants are given when calculating their Total Offense Level. U.S.S.G. § 4A1.1(e); Dkt. # 54 at 3. However, no status points were given to defendant when calculating his Total Offense Level. PSR ¶ 29; Dkt. # 54 at 6. Therefore, "status" points are not at issue in defendant's case.

Where, as here, no relevant November 2023 amendment to the U.S.S.G. has the effect of lowering the defendant's applicable Guidelines range, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2). *See* USSG § 1B1.10(a)(2); *see also Dillon*, 560 U.S. 817 at 821 (2010). Therefore, this Court is not able to grant defendant the relief he is seeking under 18 U.S.C. § 3582(c)(2).

ORDER DENYING MOTIONS FOR
SENTENCE REDUCTION - 3

### B. Defendant's Contention That There Was Insufficient Evidence To Support His Firearm Possession Charge

Defendant contends he did not actually possess the weapon upon which his "possession of a firearm" charge was based. Dkt. # 50 at 2. As the Government correctly argues, this is not a cognizable claim under 18 U.S.C. § 3582(c)(2) because it does not seek to retroactively apply a Sentencing Guidelines amendment. Dkt. # 54 at 7. In addition, defendant unconditionally admitted guilt to the firearm possession charge and specifically admitted that he "knowingly and constructively possessed the Ruger 9E 9mm handgun in furtherance of his possession with intent to distribute heroin." Dkt. # 33 at 6:26. Therefore, his challenge to the sufficiency of the evidence upon which he was convicted is procedurally barred. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

### C. Defendant's Double Jeopardy Claims

Defendant appears to contend that he was convicted in violation of the Double Jeopardy Clause. Dkts. # 50, 55, 57; U.S. Const. Amend. V. However, defendant never raised this claim while his case was pending before this Court, nor did he raise this claim on direct appeal. Dkt. # 56 at 6. Therefore, the claim is now procedurally defaulted. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Even if the claim were not procedurally defaulted, it would fail because defendant was sentenced for two distinct offenses, each requiring proof of a fact which the other does not. *Blockberger v. United States*, 284 U.S. 299, 304 (1932). Finally, contrary to defendant's assertions, there is no Double Jeopardy Clause violation in this Court's decision to sentence defendant to consecutive terms for each of his admitted law violations; in fact, 18

U.S.C. § 924(c)(1) requires defendant's sentence for his gun possession offense to run consecutively to any other sentence imposed by this Court. Dkt. # 47; *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989).

### D. Defendant's Remaining Claims

Defendant makes various additional claims in support of his motions to reduce his sentence. Dkts. # 50, 55, 57. The Court agrees with the Government that, to the extent these claims are discernable, they are either non-cognizable or lack merit. *See* Dkt. # 53 at 8:21–9:3.

### E. Appointment of Counsel

Defendant asks this Court to appoint counsel for him. Dkts. # 50 at 14, 55 at 4. The Federal Defender's Office reviewed defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and decided not to seek appointment. Dkt. # 54 at 1, 9. The Court declines to order appointment of counsel at this time.

## III. Conclusion

For all the foregoing reasons, defendant's *pro se* motions to reduce his sentence (Dkts. # 50, 55) are DENIED, as are defendant's requests for appointment of counsel.

IT IS SO ORDERED.

DATED this 16th day of June, 2025.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTIONS FOR
SENTENCE REDUCTION - 6